THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE J. GOULD et al., as Executors and Trustees Under the Will of JAY GOULD, Deceased, Appellants, *v.* EDWARD P. BARKER et al., Commissioners of Taxes and Assessments of the City of New York, Respondents.

1. TAX ASSESSMENT ON DECEDENT'S PERSONAL ESTATE, AGAINST EXECUTORS — POSSESSION AND CONTROL OF ESTATE — 1 R. S. 389, § 5. The admission of the will to probate and the issuance of letters testamentary thereon are not conditions precedent to such a possession and control of the testator's personal estate by his executors as is required by the statute (1 R. S. 389, § 5) to authorize an assessment for taxation on such personal estate against them in their representative capacity.

2. ASSESSMENT OF ANNUAL TAX ON DECEDENT'S PERSONAL ESTATE AGAINST EXECUTORS, PRIOR TO ISSUANCE OF LETTERS TESTAMENTARY. An executor derives his title to the personal estate of his testator from the will, at the moment of the testator's death; and where no one else has in fact or in law any possession or control of the personal estate except the executors, and they have qualified as such and the will has been proved, and the property is so situated that they can exercise every power over it that is conferred upon executors before probate, and the last day on which the assessment for the ensuing year's tax can by law be made falls before the admission of the will to probate and the issuance of letters testamentary, the possession and control of the executors is such as to authorize an assessment at that time upon the personal estate against them in their representative capacity.

*People ex rel. Gould* v. *Barker,* 90 Hun, 609, affirmed.

(Argued June 9, 1896; decided October 6, 1896.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 15, 1895, which affirmed an order of Special Term dismissing a writ of certiorari.

The facts, so far as material, are stated in the opinion.

*John F. Dillon* for appellants. The taxability or non-taxability of a person under the laws relating to taxation in the city of New York becomes irrevocably fixed on the second Monday of January, and cannot be changed or affected by subsequent occurrences. (*In re Babcock*, 115 N. Y. 450;

*Clark* v. *Norton,* 49 N. Y. 243.) The commissioners of taxes have no power, under the statutes providing for the taxation of personal property, to assess any person as executor or trustee, except for such personal property as is actually " in his possession or under his control " as such executor or trustee. (4 R. S. [8th ed.] 1094, § 5 ; *People ex rel.* v. *Comrs. of Taxes,* 144 N. Y. 701 ; *People ex rel.* v. *Coleman,* 119 N. Y. 137 ; *People ex rel.* v. *Barker,* 135 N. Y. 656 ; *People ex rel.* v. *Comrs. of Taxes,* 17 Hun, 293 ; *Williams* v. *Holden,* 4 Wend. 224 ; *Payson* v. *Tufts,* 13 Mass. 493.) The relators, at the time of the assessment in question, to wit, on the 9th day of January, 1893, had no property of the late Jay Gould in their possession or under their control. (4 R. S. [8th ed.] 2551, § 16.) Not only is it the fact that no such personal estate was in the hands of the executors at the date referred to, but it is obvious that such want of possession and control would have been the conclusive presumption of the law in the absence of any specific allegation. (4 R. S. [8th ed.] 2551, § 16.) The assessment cannot be justified as an assessment against an " estate." An assessment can be made only against persons either as individuals or as representatives, and who are such at the time the assessment was made. (*Trowbridge* v. *Horan,* 78 N. Y. 439 ; *Cromwell* v. *MacLean,* 123 N. Y. 474.) The doctrine of relation does not support or warrant the judgment below. (4 R. S. [8th ed.] 2551, § 16 ; *In re Swift,* 137 N. Y. 77 ; *In re Curtis,* 142 N. Y. 219 ; *Williams* v. *Holden,* 4 Wend. 224 ; *Gilky* v. *Hamilton,* 22 Mich. 283 ; *Crossfield* v. *Such,* 8 Exch. 825 ; *Morgan* v. *Thomas,* 8 Exch. 302 ; 1 Woerner on Admin. 386, § 172 ; 3 Redf. on Wills, 127 ; *Bellinger* v. *Ford,* 21 Barb. 311.) A proper proceeding, in case of any intentional delay on the part of a person named executor in having a will probated and letters issued, is provided by the Code, by which the city officers may have a temporary administrator appointed, and he may be assessed in respect of the property. (Code Civ. Proc. § 2668 ; *Trowbridge* v. *Horan,* 78 N. Y. 439 ; *Cromwell* v. *MacLean,* 123 N. Y. 474.)

*David J. Dean* for respondents.   The admission to probate
of decedent's will and the issuance of letters testamentary
thereon were not conditions precedent to a valid assessment
for taxation against the relators in their representative
character.    (1 R. S. chap. 13, §§ 1, 5, 10; Dayton on Surr.
[3d ed.] 205, 253, 254; 2 R. S. 71, § 16; *Thomas* v. *Cameron*,
16 Wend. 580; Laws of 1823, chap. 262; 1 Kent's Comm.
464; *Hartnett* v. *Wandell*, 60 N. Y. 346; *Van Schaack* v.
*Saunders*, 32 Hun, 515; *Smith* v. *Northampton Bank*, 4
Cush. 1; *Hayden* v. *Pierce*, 144 N. Y. 516.)   At the time the
assessment was made the relators had " possession " or " con-
trol " of the personal estate of the decedent, within the
purview of the statute relating to taxation.   (2 R. S. 71, § 16;
*People ex rel.* v. *Comrs. of Taxes*, 31 Hun, 235; *People
ex rel.* v. *Barker*, 143 N. Y. 646.)   There is no evidence that
the assessment against the relator was unequal or made at a
higher proportionate valuation than other assessments on the
same roll ; but even if such evidence were presented the court
would be powerless to modify the assessment in this proceed-
ing.   (*People ex rel.* v. *Coleman*, 21 N. Y. S. R. 178.)   The
procedure suggested by counsel for relators as a means of
securing a valid assessment against the estates of decedents
before probate is wholly inapplicable to the present case.
(Code Civ. Proc. §§ 2670, 2672 ; 2 R. S. § 38; 4 Am. & Eng.
Ency. of Law, 969 ; *Gilman* v. *Williams*, 7 Wis. 329.)

O'Brien, J.   The only question presented by this appeal
is the validity of an assessment of personal estate, made by
the defendants as commissioners of taxes in the city of New
York, upon the relators, as executors and trustees under the
will of the late Jay Gould.

It appears that Mr. Gould died on the 2d day of Decem-
ber, 1892, leaving a will in which the relators, his children,
were named as executors and trustees.

On the 13th of December, 1892, the relators presented
their petition to the surrogate of New York, duly verified, in
which it was stated that they were residents of New York

1896.]          People ex rel. Gould v. Barker.          55

N. Y. Rep.]          Opinion of the Court, per O'Brien, J.

and the executors and trustees of the will which they prayed might be admitted to probate. The relators also signed and verified an affidavit, which was filed with the petition, pursuant to chapter 399 of the Laws of 1892, in which it was stated that the value of the personal estate was $70,000,000, and a like statement was indorsed on the petition. The citations to attend the probate were returnable Dec. 27, and due proof of service of the same upon all parties in interest was filed on that day and the proofs given as to the execution of the will and codicils, no objection having been made to the probate.

On December 29, 1892, the relators all qualified as executors and trustees by taking and subscribing the proper oath of office.

On the 9th day of January, 1893, the last day upon which by law the defendants had the power to make the assessment, they assessed the relators, as executors and trustees under the will, for the personal estate at the sum of $10,000,000.

On the 13th of January, 1893, the decree was made admitting the will to probate and letters testamentary issued to the relators. The relators subsequently applied to the defendants as commissioners of taxes for cancellation of the assessment and the application was denied.

They then procured a writ of certiorari to be issued at Special Term to review the action of defendants, which on the hearing was dismissed and this decision affirmed at General Term.

On the hearing before the defendants the relators presented questions with respect to the justice of the assessment, based upon allegations of inequality, as compared with that of other parties. It is admitted that under the statutes relating to the correction and reduction of assessments in the city of New York these questions are not open to review here. The argument in this court has been confined to the question of power in the defendants to make the assessment on the 9th of January, 1893, and that is the only question that need now be considered. The names of the relators were placed upon the assessment rolls and the tax extended on or before the 9th of January. It is assumed on both sides, as matter of law, that

there was no power to do this after that date, and such is the effect of the authorities on the question. (*In re Babcock*, 115 N. Y. 450; *Clark* v. *Norton*, 49 N. Y. 243; *Sisters of St. Francis* v. *Mayor*, etc., 51 Hun, 355; affd., 112 N. Y. 677.)

The relators could not lawfully have been assessed for the personal estate of the deceased unless, at the time, said estate was in their possession, or under their control, as executors or trustees, within the meaning of the statute. (1 R. S. [1st ed.] 389, § 5.)

The contention of the learned counsel for the relator is that, since the adjudication of the surrogate admitting the will to probate was not made, or the letters testamentary delivered, till four days after the assessment was made, that is, on the 13th of January, the relators did not and could not have such possession or control of the personal estate at the time the assessment was made. We think that this contention cannot prevail. The relators resided and were personally within the jurisdiction of the commissioners, and the assessment in form is in compliance with all the legal formalities requisite to constitute a valid charge against executors or trustees for the personal estate in their possession or under their control. It is the general policy of the law, and in fact the express command of the statute, that all property within the state, not expressly exempted, shall be liable to taxation. Equality, so far as practicable, is the principle upon which every just or reasonable system of taxation must be based. The proposition which the learned counsel for the relators has insisted upon in the argument of this appeal with so much earnestness and supported with so much ability would, if sanctioned and acted upon, go far to destroy this principle entirely, both in theory and practice. His argument proceeds, and his conclusion is based upon premises that seem to us to be erroneous; that is to say, that the probate of the will and the possession by the executors and trustees of the letters testamentary were necessary conditions that must precede any possession or control of the personal estate by them in law or in fact, within the meaning of the statute.

It is clear that Mr. Gould in his lifetime had the power to dispose of this vast estate in such manner as seemed best to him, and that he exercised that power in one of the methods sanctioned by law, that is, by will duly executed to take effect at his death. This disposition by the deceased owner necessarily implies that he has transferred the property to others, and so at the moment of his death it passed to the legatees and beneficiaries designated by him in his will, and, therefore, passed to the relators.

It is true that by statute the executors were deprived of power to dispose of the property, except for the purpose of paying funeral charges, or to interfere with it, except so far as necessary for its preservation until letters were granted to them by the public authorities after an adjudication that the will was executed by a competent person and with the necessary legal formality. But these limitations upon their powers for the purposes of administration did not affect their title, possession or control of the property in the sense in which these terms are used in the statute. When a deceased person has disposed of his personal estate by will, the title, possession and control thereof, from the moment of his death, must be vested in some one, and in the absence of some wrongful interference by a stranger, it is in the person designated for that purpose by the deceased owner in the instrument by which he has made the disposition.

The executor derives his appointment and his title to the estate from the will, though he is without any substantial power of disposition or administration until the probate court grants him authenticated evidence of his title and his right in the form of letters testamentary upon proof of the will. (Redf. on Surr. 254.)

The will is the source of the executor's title and general powers. The letters testamentary, founded upon the probate of the will, do not create the executor nor confer title upon him, but is the authentic evidence of the power conferred by the will and which existed before they were granted. (*Hartnett* v. *Wandell*, 60 N. Y. 346.) The property of the testator

is in the legal custody of the executor appointed by the will, before probate, and he may exercise many of the powers of an owner over it. He cannot dispose of it, but he may take it into his manual possession for safe keeping. (*Van Schaack* v. *Saunders*, 32 Hun, 515; *Smith* v. *Northampton Bank*, 4 Cush. 1.)

In this case, after the death of the testator, no one had in fact or in law any possession or control of the personal estate except the relators. It consisted of certain securities which were deposited in a vault in the city to which they had access. They could exercise every power over the property that is conferred upon executors by the will or by law before probate and no one else could. The probate of the will and letters testamentary removed the prohibition of the statute against disposing of the property or interfering with it except for its preservation, but in all other respects the rights and powers of the relators were the same before as after the probate, though in some respects they may have been held in abeyance by force of the statute. The title, possession and control which the deceased owner had passed from him at the moment of his death under and by virtue of the will to the executors and beneficiaries. The temporary restrictions upon the power of disposition, imposed by the statute for the protection of the estate, had no effect upon the actual possession and custody of the property. They had all the possession and control that was usual under such circumstances and reasonably possible considering the great magnitude of the estate and the nature and character of the property. The possession and custody which the testator had was continued in the relators by force of his will for every purpose of taxation as well as protection. Any other conclusion would involve the anomaly that seventy millions of property could exist in full view of the commissioners without any power on their part to include it in the assessment rolls.

The learned counsel for the relators suggests that in such a case the proper procedure would be the appointment of a temporary administrator under § 2668 of the Code. But an

application for that purpose can be made only by a person who is either a creditor or *interested in the estate*, and the defendants, the commissioners of taxes, held no such relations to the estate, and consequently had no standing to make the application. The title to the property was in the relators when the assessment was made, if not by the terms of the will, then under the doctrine of relation. It is admitted that they had possession and control of it, at least for every purpose of care and protection, and we think that persons standing in such relations to the personal estate of a deceased person who has disposed of it by will are in the possession and control of the property within the meaning of the statute for all purposes of taxation.

The order appealed from should, therefore, be affirmed, with costs.

All concur.

Order affirmed.