J. HOWARD JOHNSON, as Receiver, et al., Respondents, *v.* JOHN M. SMITH, as Treasurer of the County of Albany, et al., Appellants.

Argued October 15, 1947; decided January 16, 1948.

166

*Walter L. Collins, County Attorney (Frank Pedlow of counsel), for John M. Smith, County Treasurer of Albany County,*

appellant. I. Collection of taxes being a prerogative of the sovereign, taxes are preferred over the rights of all others. (*Levy* v. *Newman*, 130 N. Y. 11; *Matter of Atlas Television Co.*, 273 N. Y. 51; *Security Building & Loan Assn.* v. *Carey*, 259 App. Div. 42.) II. If the position of respondents were to be upheld they would receive exemption from taxation in violation of law. (*People ex rel. Brooklyn City R. R. Co.* v. *State Board of Tax Comrs.*, 174 N. Y. 417, 199 U. S. 1; *People ex rel. Gould* v. *Barker*, 150 N. Y. 52.) III. The general policy of law is to require all to bear in just proportion the burdens of government and to construe strictly statutes exempting property from taxation by denying exemptions which depend on doubtful implications. (*People ex rel. Trustees Masonic Hall* v. *Miller*, 253 App. Div. 672; *County of Herkimer* v. *Village of Herkimer*, 251 App. Div. 126; *People ex rel. Andrews* v. *Cameron*, 140 App. Div. 76, 200 N. Y. 585; *People ex rel. N. Y. Lodge No. 1, B. P. O. E.* v. *Purdy*, 179 App. Div. 805, 224 N. Y. 710; *Matter of Francis*, 121 App. Div. 129, 189 N. Y. 554.) IV. Respondent's remedy was to pay taxes if they wished to preserve their interest in property free from tax liens. V. The complaint fails to state a cause of action. (*Levy* v. *Newman*, 130 N. Y. 11; *Rinehart* v. *Hasco Building Co.*, 153 App. Div. 153; *Weeks* v. *Weeks*, 106 N. Y. 626; *Flower* v. *Beasley*, 52 La. Ann. 2054; *Matter of Ueck*, 286 N. Y. 1; *Chautauque County Bank* v. *Risley*, 19 N. Y. 369; *Albany City Bank* v. *Schermerhorn*, 9 Paige 372; *Whitehead* v. *Farmers' Loan & Trust Co.*, 98 F. 10; *Mabie* v. *Fuller*, 255 N. Y. 194; *Blackstone* v. *State*, 117 Md. 237; *Weismer* v. *Village of Douglas*, 64 N. Y. 91; *People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431.) VI. Respondents' theory as to *custodia legis* has been rejected where the question of tax sales has been involved. (*Bonded Municipal Corp.* v. *Carodix Corp.*, 266 App. Div. 737, 291 N. Y. 733; *County of Nassau* v. *Day*, 266 App. Div. 738, 291 N. Y. 732.)

*Maurice Freedman* for *Yetta V. Sandler* and others, appellants. I. The tax sales by the county treasurer to the county of Albany were made pursuant to the Tax Law and were not invalid for failure to obtain leave of court. The complaint is therefore insufficient in law. (N. Y. Const., art. XVI, § 2; Tax Law, art. I, § 3; *People ex rel. Gould* v. *Barker*, 150 N. Y. 52;

*County of Herkimer* v. *Village of Herkimer*, 251 App. Div. 126; *Pruyn* v. *McCreary*, 105 App. Div. 302; *LeFevre* v. *Matthews,* 39 App. Div. 232; *Di Chiara* v. *Sutherland,* 62 Misc. 555; *Chautauque County Bank* v. *Risley*, 19 N. Y. 369; *Moore* v. *Potter*, 155 N. Y. 481; Corpus Juris, vol. 53, p. 338; *United States* v. *Illinois Surety Co.*, 238 F. 840; *McDonald* v. *Aetna Indemnity Co.,* 93 Conn. 165; *Matter of Atlas Television Co.*, 273 N. Y. 51.) II. It was the mandatory duty of the county treasurer to comply with the provisions of the Tax Law with reference to tax sales and tax deeds. Decisions of the Court of Appeals that the doctrine of *custodia legis* has no application to the Treasurer of Nassau County are equally applicable to the Treasurer of Albany County. (*County of Nassau* v. *Day*, 291 N. Y. 732; *Bonded Municipal Corp.* v. *Carodix Corp.*, 291 N. Y. 733; *Matter of Bond & Mortgage Guarantee Co.*, 288 N. Y. 270.)

*Ellis J. Staley, Jr.,* for J. Howard Johnson, respondent. I. The sale by the county treasurer of property which was in the custody of the receiver, without leave of court, was unlawful and void as an interference with the possession of the court. (*Walling* v. *Miller*, 108 N. Y. 173; *Matter of Atlas Iron Construction Co.*, 19 App. Div. 415; *Matter of Hall* v. *Wayburn Dancing School*, 182 Misc. 614; *Rosenzweig* v. *Zirkatz Realty Corp.*, 145 Misc. 653; *Matter of Bond & Mortgage Guarantee Co.*, 288 N. Y. 270; *Dayton* v. *Pueblo County*, 241 U. S. 588; *French* v. *Pratt*, 54 Hun 635, 55 Hun 609.) II. The doctrine of *custodia legis* in the case of taxes does not place an unjust burden on the county treasurer. (*Central Trust Co.* v. *N. Y. C. & N. R. R. Co.*, 110 N. Y. 25.) III. The complaint sets forth facts sufficient to constitute a cause of action.

*Roland Ford* and *C. Raymond Burton* for Wallace J. Allendorf, respondent. I. Property in a receiver's hands is not subject to seizure for taxes. It is in the custody of the court. The maintenance of the system of checks and balances characteristic of republican institutions requires that the judicial branch shall not be invaded or encroached upon. The court itself will enforce the lien of the tax. (*Matter of Tyler*, 149 U. S. 164; *Worthington* v. *Scribner*, 109 Mass. 48; *Central Trust Co.* v. *N. Y. C. & N. R. R. Co.*, 110 N. Y. 250; *Walling* v. *Miller*, 108 N. Y. 173; *Moore* v. *Potter*, 155 N. Y. 481; *Kilbourn* v.

*Thompson,* 103 U. S. 176; *Pruyn* v. *McCreary,* 105 App. Div. 302; *Le Fevre* v. *Matthews,* 39 App. Div. 232; *Preston* v. *Loughran,* 58 Hun 210; *Wiswall* v. *Sampson,* 14 How 52; *Dayton* v. *Pueblo County,* 241 U. S. 588; *Marshall* v. *New York,* 254 U. S. 380; *Ex Parte Baldwin,* 291 U. S. 610; *Matter of Jensen Co.,* 128 N. Y. 550.) II. Where interference with a receiver is by a stranger to the suit in which the receiver is appointed, the proper method of procedure is by action. (*Klasko Finance Corp.* v. *Belleaire Hotel Corp.,* 257 N. Y. 1.)

*John Francis Lucey, Jr.,* for J. F. Lucey, special guardian. I. The complaint must be construed most favorably to the plaintiffs. II. This action is not against public policy. III. The danger to the county treasurer of the application of the doctrine *custodia legis* is nebulous. (*Matter of Empire Brick and Supply Corp.,* 52 N. Y. St. Dept. Rep. 28.)

Fuld, J. This is an action to set aside as invalid tax sales and subsequent conveyances of certain property located in Albany. In 1925, several of the tenants in common who then owned the property commenced a partition action in the Supreme Court, Albany County, which resulted in the entry of a judgment of partition and sale in 1927. In 1935, a receiver was designated and, in 1940, he was succeeded by the plaintiff Johnson who was '' appointed with the usual powers Receiver herein for the benefit of the Plaintiffs and Defendants in this action, of all the rents and profits now due and unpaid or to become due pending this action and issuing out of the premises '' in question. Though more than twenty years have passed, the partition action is still pending.

In 1938, the property was assessed at $51,000, and — the taxes not having been paid as required — the county treasurer in 1940 sold the property to the county of Albany for 1,000 years for $2,200. There was a default also in the 1939 taxes, and in 1941 again the county treasurer sold the property to the county for a like sum of $2,200. The county assigned its rights and conveyed the property to defendant Federal Investors, Inc.; the latter subsequently conveyed to defendant New York State Realty Liquidating Corporation, which, in turn, sold to defendant Sandler, and she is now collecting the rents.

In 1946, five years after the last tax sale, the receiver Johnson and one of the parties to the partition proceeding commenced this present action against (1) the county treasurer of Albany County, (2) the purchaser at each of the tax sales, and (3) the subsequent grantees of the property. By the action, plaintiffs seek to set aside as " null, void and of no effect " the tax sales and the conveyances subsequently made. It is acknowledged that the county treasurer complied faithfully and completely with all applicable provisions of law — of city charter and tax statutes — but it is contended that the property was in the custody of the court through its receiver and that its sale without court permission was void.

The defendants moved to dismiss the complaint, under rule 106 of the Rules of Civil Practice, upon the ground that it failed to state a cause of action. The justice at Special Term granted the motion; the Appellate Division, however, reversed and, in granting leave to appeal, certified the question, " Does the complaint state a cause of action? " It is our opinion that it does not.

In order to function, a government must collect taxes. To assure a part of them, Constitution and statute render taxable " all real property within this State   *   *   *   unless exempt from taxation by law " (Tax Law, art. I, § 3; N. Y. Const., art. XVI, §§ 1, 2). Equality and uniformity of taxation are the aim, for, if one taxpayer escapes payment, the burden is placed — disproportionately and unfairly — on another. (See *Matter of Atlas Television Co.,* 273 N. Y. 51; *Mabie* v. *Fuller,* 255 N. Y. 194, 201; *People ex rel. Metropolitan Street Ry. Co.* v. *Tax Comrs.,* 199 U. S. 1, affg. 174 N. Y. 417; *People ex rel. Gould* v. *Barker,* 150 N. Y. 52; *Security Building & Loan Assn.* v. *Carey,* 259 App. Div. 42, 47; *County of Herkimer* v. *Village of Herkimer,* 251 App. Div. 126.)

It is section 150 of the Tax Law which imposed upon the county treasurer the duty to sell the property here involved; in mandatory terms, it directed the sale whenever " any tax charged on real estate   *   *   *   is returned " to him and remains unpaid for a specified period. Plaintiffs point to no statutory provision which exempts from taxation or from the operation of section 150, the property held by a receiver in

partition, and there is none. Once a default occurs — and the other statutory conditions are met — the county treasurer *must* obey the law's mandate and sell the property no matter by whom owned — whether by incompetent, infant or trustee or receiver. (See, e. g., *Levy* v. *Newman,* 130 N. Y. 11; *County of Nassau* v. *Day,* 266 App. Div. 738, affd. 291 N. Y. 732; *Bonded Municipal Corp.* v. *Carodix Corp.,* 266 App. Div. 737, affd. 291 N. Y. 733.) In the two cases last cited, we rejected a contention that the failure of a county treasurer to obtain court leave and approval for a tax sale invalidated such a sale where the property was held by trustees appointed by the Supreme Court in reorganization proceedings brought pursuant to the Schackno and Mortgage Commission Acts (L. 1933, ch. 745, and L. 1935, ch. 19, respectively). Those decisions apply with equal force here; insofar as the problem before us is concerned, there is little to differentiate the receiver in a partition suit from a trustee in a Schackno or Mortgage Commission Act proceeding. (*See Matter of Bond & Mortgage Guar. Co.,* 288 N. Y. 270, 277.) In the absence of specific statutory provision restraining tax collection agencies during the pendency of the action, or during the receivership, there is no basis for a claim that the county or its treasurer should have sought permission from the court before selling the property for unpaid taxes or delivering the tax deeds. And, in any event, it is highly questionable whether the Supreme Court would have had jurisdiction in the first instance to enjoin the county from selling or delivering the deeds.

Paramount and vital is the circumstance that, in selling the property, the county treasurer acted solely in accordance with the mandate of the statute. It may well be that court approval is required if in possession is a statutory receiver or trustee or a receiver or trustee appointed by a court pursuant to a statute — such as the Federal Bankruptcy Act — granting extremely broad powers. Quite apart from any other consideration, under the Bankruptcy Act, title to the property vests in the trustee (Bankruptcy Act, § 70; U. S. Code, tit. 11, § 110). A receiver in partition, on the other hand, obtains no title to the property (*Rinehart* v. *Hasco Building Co.,* 153 App. Div. 153, affd. 214 N. Y. 635); title remains vested in the owners who

are the parties to the partition action. As is evident from the order of appointment, the receiver is given merely the right to manage the premises on behalf of those owners until the action has been concluded. The court, by appointing a receiver in a partition, undertakes, not to preserve the rights of the parties in the property against the world, but simply to preserve their rights as against each other.

Even in cases involving private litigants — and not officials upon whom is imposed a duty of collecting taxes — it has been held that, while propriety may suggest an application to the court before selling property possessed by a receiver, the failure to obtain leave neither defeats the action brought (*Pruyn* v. *McCreary*, 105 App. Div. 302, 304; *Le Fevre* v. *Matthews*, 39 App. Div. 232) nor invalidates the sale effected. (See *Chautauque County Bank* v. *Risley*, 19 N. Y. 369, 376-377; see, also, *Moore* v. *Potter*, 155 N. Y. 481, 491; *Beardslee* v. *Ingraham*, 183 N. Y. 411, 420; *Matter of Loos*, 50 Hun 67, 70-71.) Thus, this court wrote in the *Chautauque County Bank* case (pp. 376-377): '' We have been referred to cases showing that any attempt, by a person having an outstanding right or title, to disturb the possession of a receiver, is a contempt of the Court of Chancery. * * * In all the discussion no doubt was suggested that a prior legal title would prevail against a receiver's possession. The questions considered were, whether leave must be asked and whether, in that particular case, it should be granted. If not asked, it was considered that the party might be in contempt * * *. The sale itself is but the assertion of a legal right, and it cannot be illegal and void on the ground that the leave of an equitable tribunal is not first asked and obtained.''

To hold, as the Appellate Division has, that the county treasurer must obtain permission from the court before selling for nonpayment of taxes so as to permit the court to '' determine whether the property should be sold or held for the benefit of parties interested and the municipality '' (272 App. Div., at p. 9), is to assume the existence of a power in the court to prevent the tax sale or postpone it indefinitely. The consequence of such a decision would be the creation of tax exemption by judicial fiat in favor of receiver-held property, perhaps as to amount, certainly as to time and method of payment —

a result clearly contravening the constitutional provision that " Exemptions from taxation may be granted only by general laws " (N. Y. Const., art. XVI, § 1). On the other hand, if a court were under the necessity of granting leave to a county treasurer — because the statute directs him to sell — the application to the court would be but an empty and futile gesture, and it should not be required. Or if a regard for propriety does demand it — and I doubt that it does — failure to comply with such a formality should not result in voiding the sale.

The cases relied upon to support plaintiffs' position are beside the point. (*Wiswall* v. *Sampson*, 14 How. [U. S.] 52; *Matter of Tyler*, 149 U. S. 164; *Dayton* v. *Pueblo County*, 241 U. S. 588; *Walling* v. *Miller*, 108 N. Y. 173; *Central Trust Co.* v. *N. Y. C. & N. R. R. Co.*, 110 N. Y. 250.)

While the *Wiswall* case (*supra*) and the *Walling* case (*supra*) — and they did not involve a public official selling for nonpayment of taxes — indicated that a sale by a private litigant of property in the hands of a receiver would be void if sold without court permission, such is not the law in this State. Thus, in *Chautauque County Bank* v. *Risley* (*supra*), this court expressly declared it would not follow the *Wiswall* case, if it did lay down such a rule (p. 377). The *Walling* case was decided after the *Chautauque County Bank* case, but in the later case of *Beardslee* v. *Ingraham, supra,* pp. 421–422, this court again expressly disavowed the doctrine ascribed to the *Wiswall* case and explicitly reaffirmed our decision in the *Chautauque County Bank* case. (See, also, *Moore* v. *Potter, supra,* p. 490.)

No public policy is to be served by requiring the court — because of a supposed involvement of its dignity — to aid taxpayers in avoiding or delaying the payment of taxes owing by them and necessary for the carrying on of government. In the present case, the taxes were not paid, and the county treasurer, in selling the property under compulsion of the Tax Law, complied strictly with every applicable provision. The sales as well as the tax deeds and the subsequent conveyances, being valid and proper, are immune from attack. The owners of the property and the receiver were granted a privilege by statute to redeem; they chose not to avail themselves of it.

The order of the Appellate Division should be reversed, and that of Special Term affirmed, with costs in this court and in the Appellate Division. The question certified should be answered in the negative.

DESMOND, J. (concurring in result). I concur in the result on the ground that failure to get leave to foreclose is not jurisdictional (*Chautauque County Bank v. Risley*, 19 N. Y. 369, 376, 377) and so this suit does not lie. I cannot agree that, as to tax foreclosures, there is an exception, never before stated by the courts of New York, to the ancient and settled rule that a court-appointed receiver may never be sued without leave of court. (High on Receivers [4th ed.], § 254; *De Groot v. Jay,* 30 Barb. 483.)

LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER and DYE, JJ., concur with FULD, J.; DESMOND, J., concurs in result in memorandum.

Ordered accordingly. [See 297 N. Y. 880, 954.]