Mario Pittoxi, J.
Motion by defendants Gottlieb and Simon to (1) strike certain allegations of the complaint as sham under rule 103 of the Rules of Civil Practice, and (2) to add a party defendant under rule 102 of the Rules of Civil Practice.
*1018 The plaintiff consents to striking all allegations to which the motion refers except paragraph 11 Ninth ’ \ However, as the papers submitted clearly reveal that allegation to be false, it will be stricken.
The plaintiff also consents to be added as a party defendant in his capacity as executor.
By cross motion the plaintiff applies for the appointment of a receiver or the appointment of Miles I. Levine and Morris Gottlieb to manage the property pending trial.
The action is for partition of business property located on Sunrise Highway in Rockville Centre, New York. It was purchased in 1949 by the plaintiff’s mother and the defendants Gottlieb as tenants in common. The property is rented under leases which will continue beyond the trial of the action. Since 1949 Morris Gottlieb has managed the property by agreement of the tenants in common. The plaintiff’s mother died in March of this year naming the plaintiff as the sole beneficiary of her estate. The plaintiff is dissatisfied with Gottlieb’s management of the property, but he offers no proof that the continuation of such management by Gottlieb pending the trial would result in a loss which could be averted by granting the relief requested. “ The appointment of a receiver in a partition action is a harsh remedy, and courts of equity will exercise extreme caution therein. The property will not be taken from the party in possession and placed in charge of a receiver during the pendency of the action, except upon clear and convincing proof that there is danger of irreparable loss, and that such appointment is necessary for the protection of the parties and their interests. Therefore, a receiver will not be appointed where there is nothing to show that the proper and satisfactory management of the property by the tenant in common, who has been in possession for a long time, will change during the pendency of the action, or that he is not financially able to make good any loss in consequence of any mismanagement during that time ”. {14 Garmody-Wait on New York Practice, p. 641.)
Cross motion denied. Settle order on notice.