James J. Conroy, J.
In an action for an accounting in which the defendant has interposed counterclaims to impose a trust on the realty involved, the plaintiff moves (1) to examine the defendant before trial and for the production of books and records, and (2) for the appointment of a receiver during the pendency of the action.
In support of the first branch of the motion, the plaintiff states that the defendant has interposed counterclaims to impress a *1090 constructive trust upon the real property involved in the instant action and in addition has raised issues by - the denials in his answer concerning which the plaintiff has no knowledge since the defendant has operated, managed and controlled the properties, collected the income and paid the expenses in connection with said properties since they were purchased.
In support of the second branch of the motion, the plaintiff states that she is the record owner of the real property involved herein but that the defendant is in possession of said properties, collects the rents and makes the disbursements in connection therewith; that the defendant refuses to give the plaintiff any statements of account concerning the management, rent and profits.
Inasmuch as this is primarily an action for an accounting and the plaintiff has not obtained an interlocutory judgment directing the defendant to account, the examination before trial of the defendant must be limited to all the relevant and material allegations put in issue by the pleadings only to the extent that such issues relate to the plaintiff’s right to an accounting, and, of course, including the issues raised by the counterclaims. The plaintiff is not entitled to an examination before trial of the defendant as to items of the account. (See Tooley v. Exempt Firemen’s Benevolent Assn., 13 A D 2d 685; Rector, Churchwardens & Vestrymen of Church of Holy Trinity v. Munsell, 11 A D 2d 698.) The production of books and records should be limited to those which do not relate solely to the items of the account. (Oboler v. Beakatron Mfrs. Corp., 230 N. Y. S. 2d 150.) Accordingly, the motion as it relates to an examination before trial and the production of books and records is granted but the scope of the examination and the production of books and records are to be limited as mentioned above. The examination is to take place in Special Term, Part II of this court at a date and time to be fixed in the order to be entered hereon.
Inasmuch as the plaintiff is the wife of the defendant herein and in view of the controversy between the ps ties not only in this action but in an action now pending between them for separation and since it appears that the plaintiff is presently the record owner of the real property involved herein and charges the defendant, who is presently in possession of the real property and controlling it, with mismanagement (see Laber v. Laber, 181 App. Div. 733; Levine v. Gottlieb, 8 Misc 2d 1017; Tannis v. Tannis, 213 N. Y. S. 2d 320), the court is of the opinion that for the protection of the parties and their interests the appointment of a receiver is necessary. (See Broder v. Broudarge, 38 N. Y. S. 2d 282; see, also, Central Union Trust *1091 Co. v. Northern Ins. Co., 217 App. Div. 482, 486.) Accordingly, (hat branch of the motion which seeks (lie appointment of a receiver is granted, the receiver to be designated in the order to be entered hereon. Said receiver is to take possession and to manage and control the property during the pendency of the action (see Johnson v. Smith, 297 N. Y. 165, 171-172) upon the filing of a suitable bond, the sum of which is to be determined in the order to be entered hereon based upon, among other things, the consideration of suggestions of the respective parties, which are to be supported by a factual showing with respect to the annual rentals realized from the real property.