■ NANCY M. MEURER, Respondent, v. JOHN MEURER, Appellant.— Order, entered on April 13, 1964, which, among other things, appointed a receiver in this property and debt action between a husband and wife, unanimously modified, on the law and in the exercise of discretion, to provide that defendant-appellant forthwith account to the receiver and turn over to the receiver any of the proceeds aggregating $56,000 obtained by him from the sale of the securities and any assets traceable to such proceeds, in his possession or control, and the receiver shall have authority to investigate and appropriately enforce this obligation, pending the determination of this action, otherwise the order is affirmed, with $20 costs and disbursements to plaintiff-respondent. On defendant husband's own version of the facts, the health of the plaintiff wife entitles her to the extraordinary protection of the court to prevent any abuse of the fiduciary relationship between the husband and wife. While a provisional receiver may not be appointed in an action based only on a money debt, one may be appointed if the subject of the action is specific moneys (see CPLR 6401, subd. [a]; 13 Carmody-Wait, Cyclopedia of N. Y. Prac., Receivers, § 9, p. 396; 1 Clark, Receivers [3d ed.], § 167.1). Under the extraordinary circumstances involved in this case, and in view of the admitted facts, the pleadings present, among other things, a claim for an accounting of specific assets, derived from the fiduciary relationship. Hence, the receiver may take into his possession the specific proceeds of the sales of stock and

traceable assets, in defendant's husband's possession or control, but no more. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.