Argued November 1, affirmed December 3, 1973

STATE ex rel LAYMAN, *Respondent, v.*
LANDMARK-TOWNES, INC., *Defendant,*
COUNTY OF POLK, *Appellant.*
516 P2d 483

*Dwight L. Ferris,* Deputy District Attorney, Dallas, argued the cause for appellant. With him on the brief was John L. Snyder, District Attorney, Dallas.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

On August 8, 1972, the Polk County Circuit Court appointed plaintiff, Fred H. Layman, receiver for Landmark-Townes, Inc. (Landmark), and on August 29 enjoined all proceedings against Landmark except upon leave of the court.

On December 12, 1972, the Polk County Sheriff distrained and seized certain personal property of Landmark for nonpayment of personal property taxes owed. The sheriff, however, did not seek consent of the Polk County Circuit Court before seizing the property,

contending that his action was authorized under ORS 311.470① and 311.640.②

On January 29, 1973, the circuit court entered an order enjoining and restraining Polk County from selling any of the seized property and ordered the county to return the property to the custody of the court-appointed receiver. Polk County appeals from that order.

Two issues are presented: (1) Must the tax-collecting authority obtain the consent of the court in receivership before it may enforce the payment of taxes by distraint of property in the custody of a receiver? (2) Does the distraint of property in receivership require the court to enter an order directing the receiver to pay the delinquent taxes?

As far as we can determine there are no cases in which the appellate courts of this state have considered the above issues; however, the federal District Court for the District of Oregon has held that taxes assessed against the property of a corporation in the

---

① ORS 311.470 provides:

"If at any time the tax collector has reason to believe that personal property is being removed or is about to be removed from the state, is being dissipated or is about to be dissipated, he immediately shall distrain sufficient of the property to pay the taxes, together with interest, penalties and costs, on all the property being removed or about to be removed, being dissipated or about to be dissipated. He shall sell such property in the manner provided in ORS 311.640."

② ORS 311.640 provides:

"(1) Immediately after taxes become delinquent each year the tax collector shall proceed to collect all delinquent taxes on personal property. He shall levy on the goods and chattels belonging to the person, firm, corporation or association assessed or owning the personal property on the assessment date by taking them into his possession * * *.

"* * * * *"

hands of a receiver can be collected *only* by application to the court for an order requiring the receiver to pay the taxes. *Coy v. Title Guarantee & Trust Co.,* 212 F 520 (DC Or 1914), *aff'd* 220 F 90 (9th Cir 1915). Elsewhere there are two opposing views on whether state tax-collecting authorities must obtain the consent of the court for the seizure and sale of property held by a court-appointed receiver. *See,* Annotation, 3 ALR2d 893 (1949). A suggested distinction between the conflicting cases is that:

> "Where it is not necessary to obtain leave of court before suing a receiver or selling property possessed by a receiver, it is not necessary for the county treasurer to obtain permission of the court before selling property at a tax sale, where the receiver did not have title to the property but merely had the right to take possession of it and to collect rents * * *." 66 Am Jur2d 236, 237, Receivers § 433.

*See also, Johnson v. Smith,* 297 NY 165, 77 NE2d 386, 3 ALR2d 888, *cert denied* 335 US 824 (1948).

In *Johnson v. Smith,* supra, the court said that land held by a receiver in partition could be sold at a tax sale without leave of the court. The court pointed out that the result might be different if the receiver in possession had been appointed pursuant to a statute granting broader powers—such as the Bankruptcy Act (11 USCA § 1 et seq (1966)), which vests title in the trustee; however, a receiver in partition has no title since the title remains vested in the parties to the partition action. 297 NY at 171-72.

ORS 31.010 provides:

> "A receiver is a person appointed by a court or judicial officer to take charge of property during the pendency of a civil action, suit or proceeding, or

upon a judgment, decree or order therein, and to manage and dispose of it as the court or officer may direct."

Our Supreme Court has held that it is necessary to obtain leave of the court before a suit can be brought against a receiver. *Thompson v. Holladay,* 15 Or 34, 52, 14 P 725 (1887). The court said further:

> "* * * The office of a receiver is to take possession of the property, and hold it subject to the order of the court appointing him. The property is in the custody of the law. The court has the management and disposal of it in accordance with the rules of law and to answer the ends of justice, and the receiver is its officer to execute its authority in the matter. The powers of a receiver are in the nature of those of a guardian of a ward's estate, and his relations are of a fiduciary character. The property is held for whoever may ultimately establish a title to it, and the receiver has no power to make any contract regarding it unless ratified by the court * * *." 15 Or at 55; *accord, Northern Brewery Co. v. Princess Hotel,* 78 Or 453, 461, 153 P 37 (1915).

The above Oregon authorities are in accord with the exception mentioned in *Johnson v. Smith,* supra at 171-72; *see,* Annotation, 3 ALR2d 893, 908, § 9 (1949).

■ We believe that the rule, contra to *Johnson v. Smith,* supra, that prior consent of the court is required for the distraint of property held by a receiver, is the better-reasoned rule. *See, In re Tyler,* 149 US 164, 13 S Ct 785, 37 L Ed 689 (1893); *Coy v. Title Guarantee & Trust Co.,* 212 F 520 (DC Or 1914); Annotation, 3 ALR2d 893, 895, §§ 2-5 (1949); 66 Am Jur2d 236-37, Receivers, § 433.

As the court said in *Coy:*

"It is beyond question at this date that, when a court has appointed a receiver, his possession is the possession of the court for the benefit of the parties to the suit and all concerned, and cannot be disturbed without proper leave of the court. [Citing cases.]

"Property so held may be said to be in equitable sequestration to answer the purposes of the receivership, and, if it is sought to enforce an equitable lien or other demand which is a rightful charge against the property, it must be done by leave and under the sanction of the court so having the possession. The levy of a tax warrant is a sequestration, like the levy of an ordinary fieri facias. Hence such levy could not in any greater degree be permitted to disturb the court's possession without its explicit sanction previously procured. [Citing cases.]" 212 F at 522-23.

We hold, therefore, that even under ORS 311.470 et seq consent of the court is necessary before the tax-collecting authority may enforce payment of taxes by distraint of property in the custody of a court-appointed receiver.

■ Polk County further argues that the distraint of the property of Landmark in effect gave the court notice of the tax delinquency; therefore the court, on its own motion, should have ordered the receiver to pay the delinquent taxes. While this action may have constituted constructive notice to the receiver, it did not and could not ipso facto require the court to order the receiver to pay the delinquent taxes.

■ Lastly, we should observe that the appointment of a receiver and the taking of the property into custody of the court "does not withdraw it from taxation." *Coy v. Title Guarantee & Trust Co.,* 220 F 90, 92 (9th

Cir 1915). Upon proper application and sufficient proof by the tax-collecting authority, it is the duty of the court to require payment of the taxes due, "if there be funds in the hands of the receiver applicable thereto." *Coy v. Title Guarantee & Trust Co.*, 212 F at 523; *accord, Coy v. Title Guarantee & Trust Co.*, 220 F at 92.

In the present case no request was made of the court to direct payment of the delinquent taxes. Therefore this contention has no merit.

Affirmed.