■ GILDA EDELMAN, Respondent, v MILTON M. EDELMAN, Appellant. — In a proceeding to enforce a money judgment, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Sacks, J.), dated June 9, 1980, as (1) placed defendant's professional corporation into receivership, (2) directed that defendant deposit into the corporate account all money received by defendant and the corporation and remit a check for that amount to the receiver, and (3) directed that after paying the monthly expenses, the receiver remit the balance to plaintiff to be applied toward the satisfaction of her judgment. Order modified, by deleting therefrom the fifth decretal paragraph. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to Special Term for further proceedings consistent herewith. In the interim, defendant shall turn over 10% of the money received by him and his corporation to the receiver to be applied toward the satisfaction of plaintiff's judgment. Concluding that defendant had evinced a pattern of conduct by which he had avoided his obligations pursuant to the terms of the separation agreement between the parties, Special Term appointed a receiver to take charge of the income from defendant's psychiatric practice and apply it toward the satisfaction of the money judgment owed to plaintiff. In our opinion, receivership was proper. Although early authority indicated that a receiver may not be appointed to sequester the wages of the judgment debtor (see *Rolt-Wheeler v Rolt-Wheeler,* 175 App Div 852), this line of authority was implicitly rejected in *Morris Plan Ind. Bank of N.Y. v Gunning* (295 NY 324, 330-331), which held that subject to the limitations on the garnishment of wages (CPLR 5205, subd [d], par 2) a debtor's wages may be attached. Subject to the same limitations, there is no reason why the remedy of receivership may not be granted as well. Moreover, as in the case at bar, where there could be no proper garnishee of defendant's wages from his private practice (cf. CPLR 5201, subd [c], par 3) and where the husband has continuously avoided his obligations, receivership was particularly necessary. However, Special Term erred by ordering that the entire amount of his gross income, after expenses, be paid to plaintiff. A hearing must be held to determine what portion, if any, of the income is necessary for the reasonable requirements of the defendant and his family. In the interim the defendant will be required to turn over 10% of the money received by him and his corporation to the receiver to be applied toward the satisfaction of the plaintiff's judgment. Hopkins, J.P., Rabin, Margett and Bracken, JJ., concur.

■ GILDA EDELMAN, Respondent, v MILTON M. EDELMAN, Appellant. — In a proceeding, *inter alia,* to hold defendant in contempt for failure to comply with an order of the Supreme Court, Richmond County, dated June 9, 1980, defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the same court (Sacks, J.), dated December 17, 1980, as held him in contempt of court, but permitted him to purge himself of the contempt by paying to a receiver, by December 22, 1980, the sum of $11,874.34 with interest from January 3, 1977 to the date of payment and commencing weekly payments to the receiver of $375. Order modified by deleting therefrom the sixth decretal paragraph which begins with the words "Ordered, that the defendant". As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and the matter is remitted to Special Term for further proceedings consistent herewith. By order of the Supreme Court, Richmond County, dated June 9, 1980, defendant was required to pay all income, whether personal or corporate, to a receiver, to be applied after expenses toward the satisfaction of plaintiff's judgment in the sum of $11,874.34. Defendant failed to pay any income to the receiver, and Special Term properly held him in contempt of court. However, the payments required of defendant to purge

himself of the order of contempt must be modified. Pursuant to section 773 of the Judiciary Law the fine imposed upon a party held in contempt of court is limited to an amount sufficient to indemnify the aggrieved party for actual loss or injury resulting from the misconduct or $250 if no actual loss or injury can be shown. Plaintiff's loss in the case at bar is apparent. Defendant's annual income, by his lowest approximation, is between $50,000 and $75,000, with $10,000 to $15,000 attributable to his present wife.[*] Had he complied with the order of Special Term, the $11,874.34 judgment would have been satisfied. Consequently, plaintiff has been injured in that the judgment remains unpaid; *Moffat v Herman* (116 NY 131) is distinguishable as there is proof in the present case that had defendant complied, the judgment would have been satisfied. However, on the appeal from the order dated June 9, 1980, this court concluded that to require that all the defendant's income after expenses, be applied toward the satisfaction of the judgment may have been excessive (see *Edelman v Edelman,* 83 AD2d 622). The extent of plaintiff's injury from defendant's contumacious conduct should be resolved after Special Term has redetermined the amount which defendant should have been required to turn over to the receiver. Finally, there is no support in the record for that portion of the order requiring defendant to make weekly payments of $375. Prior to the instant order; defendant had been obligated to turn over all income to the receiver until the $11,874.34 judgment was satisfied. The initial fine will remedy any injury resulting from defendant's noncompliance. Hopkins, J. P., Rabin, Margett and Bracken, JJ., concur.

_____
[*] We note that defendant's income of $69,000 in 1979, together with his present wife's income, exceeds this approximation.