■ DEBORAH H. NELSON, Respondent, v BRUCE E. NELSON, Appellant. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered May 19, 1983 in Warren County, as modified by an order of said court (Mercure, J.), entered May 25, 1983 in Warren County, which granted plaintiff's motion for the appointment of a receiver. The underlying action is for a accounting of business property known as the "Lone Bull Restaurant" situated in the Town of Lake George, Warren County, and jointly owned by the parties, who are husband and wife. Within the context of a divorce action commenced in March, 1982, the parties were granted the right to jointly operate and manage the marital business for the 1982 season. In this action, plaintiff alleges that despite the joint management order, defendant controlled the business during 1982 and yet failed to account or distribute any business profits, claiming that all the records had been stolen. By order entered May 19, 1983, plaintiff's motion for the appointment of a receiver *pendente lite* to manage the financial aspects of the restaurant was granted.[*] On appeal, defendant asserts that Special Term abused its discretion in appointing a temporary receiver on the basis of the parties' conflicting affidavits without, at the very least, conducting a full evidentiary hearing. We disagree. Although

[*] This order was later modified by order entered May 25, 1983 to provide for the filing of an undertaking. Defendant's application for a stay pending appeal was denied by order of this court entered June 16, 1983.

appointment of a temporary receiver is an extreme remedy which should not lightly be granted, particularly where a going business is involved, we are of the view that plaintiff has satisfied the requirements of CPLR 6401 (subd [a]) and is entitled to such relief (see *Gimbel v Reibman,* 78 AD2d 897). Upon reviewing the papers before Special Term (see 13 Carmody-Wait 2d, NY Prac, § 83.19, p 19), it becomes clear that the instant action is more than one to recover profits due, and involves a specific subject matter at its core, i.e., the restaurant. Next, plaintiff's "apparent interest" in the restaurant is easily established by documentary evidence of ownership. Finally, defendant's opposing papers fail to controvert the allegation that an accounting has not been rendered nor profits distributed for the 1982 business season. We find plaintiff has made a prima facie showing that her assets are in danger of dissipation. While we are not unmindful that a separate matrimonial action is pending, the appointment of a receiver was necessary for the conservation of the property and the preservation of the parties' respective interests (see *Meurer v Meurer,* 21 AD2d 778; *Allen v Allen,* 36 Misc 2d 1089). Under the prevailing circumstances, we cannot say that Special Term abused its discretion in the appointment. Orders affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Harvey, JJ., concur.