■ MARIANNE HILDENBIDDLE, Respondent, v LEE F. HILDENBIDDLE, Appellant.

On the record before us, given the respective circumstances of the parties, the pendente lite award of maintenance and child support was not excessive (*see, Milward v Milward,* 102 AD2d 816; *Belfiglio v Belfiglio,* 99 AD2d 462; *Rossman v Rossman,* 91 AD2d 1036; *Jorgensen v Jorgensen,* 86 AD2d 861; *cf. Van Ess v Van Ess,* 100 AD2d 848). Moreover, the best remedy for apparent inequities in such awards is a speedy trial (*Erdheim v Erdheim,* 101 AD2d 803; *Marcus v Marcus,* 91 AD2d 991).

Although the appointment of a temporary receiver is an extreme remedy, which should not be lightly granted, the record contains sufficient evidence to support such an appointment (CPLR 6401 [a]; *Nelson v Nelson,* 99 AD2d 917; *Meurer v Meurer,* 21 AD2d 778; *Allen v Allen,* 36 Misc 2d 1089). Given defendant's conceded use of narcotics on past occasions and his inability or refusal to meet his financial obligations promptly to the extent that marital property is in danger of being dissipated, Special Term's order constituted an appropriate exercise of discretion (*Nelson v Nelson, supra; Meurer v Meurer, supra; Allen v Allen, supra*).

Finally, the award of counsel fees was not excessive and defendant, having failed to assert any opposition to the provision for temporary exclusive possession of the marital premises at Special Term, may not now do so on appeal. Titone, J. P., Bracken, Rubin and Lawrence, JJ., concur.