GERSTEN, Judge,
concurring specially.
I concur in the result reached in the majority opinion. I write separately, however, because this case, in my view, invites an explanation of the case law involving *253 the issue of appointment of receivers pen-dente lite in dissolution proceedings.
Here, the wife asserted that the husband’s P.A. owned certain marital property in which she claimed an interest. The husband, requested the appointment of a receiver over specific assets, but excluded (in his request) the assets of the P.A.
Apparently, the husband’s request was made to avoid being held in contempt for nonpayment of temporary alimony and child support. He felt that the receiver would be unable to find enough assets with which to pay the court-ordered temporary support and alimony obligations.
The wife agreed with the husband’s motion for the appointment of a receiver, but argued that the receiver should also have control over the husband’s P.A. She claimed that the P.A. had been used to gather assets to place them outside the reach of the wife. Thus, if the P.A. were excluded from the receiver’s control, the husband would retain control over his earnings.
The trial court granted the husband’s motion to appoint a temporary receiver for a three-month period over the assets which the husband had listed. In addition, the trial court gave the receiver control over the husband’s P.A. and a partnership in which the husband had an interest. The husband was to continue to operate the P.A. and the partnership, but the receiver was to have control over the funds from both.
Subsequently, the receiver filed his interim report, recommending certain changes in the P.A. At the hearing on the report, the receiver related numerous abuses by the husband including:
(1) The P.A.’s acquisition of a condominium and the transfer of the condominium and a BMW automobile to the husband’s brother.
(2) The reduction of the husband’s self-determined salary by $20,000. This resulted in a salary of only a few thousand dollars more than the salary of his office manager, the husband’s sister.
(3) The payment of $50,000 per year to the office manager, the husband’s sister, who had not balanced a bank statement in years.
(4) The payment of a bonus-to the husband’s brother, who was an employee of the optical department. The bonus was allegedly based on profits, but the expenses of the department were not determined before the bonus was figured.
(5) The conversion of the P.A.’s assets to pay for personal trips, dinners, and gifts.
After considering the receiver’s report, the trial judge directed the receiver to continue overseeing the assets beyond the three-month period originally prescribed. The trial court also extended the receiver’s responsibilities by empowering him to take over the total operation of the P.A.
The husband now urges that the trial court’s order appointing a receiver to run the husband’s medical practice constitutes an abuse of discretion where there has been no showing of irreparable injury or loss to the wife. The wife asserts that there has been a clear showing of dissipation of assets. She contends that a simple reorganization would provide the family with sufficient funds to pay the court-ordered temporary support and alimony.
No Florida appellate court has addressed the appointment of a receiver pendente lite in. a dissolution proceeding. The only cases which have dealt with the appointment of a receiver pendente lite in matrimonial litigation are from jurisdictions outside Florida.
The Florida Supreme Court has stated that a receivership is not an end in itself; rather, it is a means to an end. It is a remedial device which serves to preserve the thing in controversy for the benefit of the parties against the day when the court will adjudicate their interests. Clawson v. Clawson, 54 So.2d 161 (1951) (relying on Kelleam v. Maryland Casualty Company of Baltimore, Maryland, 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899 (1941). The appointment of a receiver is a drastic remedy to be exercised with great caution. It is a remedy appropriate only when dissension, fraud, misconduct or mismanagement exists which makes it impossible for the business *254 to continue or to preserve its assets. Prassas v. Nicholas W. Prassas & Co., 102 Ill.App.3d 319, 58 Ill.Dec. 86, 88, 430 N.E.2d 28, 30 (App.Ct.1981).
In Edelman v. Edelman, 83 A.D.2d 622, 441 N.Y.S.2d 529 (App.Div.1981), the New York appellate court placed the husband’s corporation into receivership. A receiver was appointed to take charge of the income from the husband’s psychiatric practice and apply it toward the satisfaction of a money judgment which the husband owed the wife. The court reasoned that where there could be no proper garnishment of the husband’s wages from his private practice and where the husband had continuously avoided his obligations, the appointment of a receiver was necessary. Edelman, 441 N.Y.S.2d at 530.
Likewise, in Nelson v. Nelson, 99 A.D.2d 917, 473 N.Y.S.2d 40 (App.Div.1984), another New York appellate court held that it was not an abuse of discretion to grant the wife’s motion for appointment of a receiver pendente lite to manage the financial aspects of the husband’s restaurant business. Although appointment of a temporary receiver is an extreme remedy which should not be lightly granted, particularly where a going business is involved, the court found that the wife made a prima facie showing that her assets were in danger of dissipation. Nelson, 473 N.Y.S.2d at 41; see also, Rosenthal v. Rosenthal, 240 Cal.App.2d 927, 50 Cal.Rptr. 385 (Dist.Ct.App.1966).
Here, the record shows the husband has persisted in diverting large sums of money from the family income and that this persistence threatens to dissipate the wife’s interest. Were the management of the P.A. left to the husband and were he allowed to continue to divert the income from the family .during the pendency of the divorce action, the wife’s interest would continue to be at her husband’s mercy. I agree with the trial court's refusal to give the husband such power, and deem the appointment of a receiver an appropriate means to preserve the assets from the husband’s misconduct and mismanagement until the assets are divided at the time of divorce.