■ MORRI N.Y. FOODS CORP., Respondent, v LEONARD DEFILIPPO, Individually and Doing Business as AMITY WHOLESALE, Appellant. [824 NYS2d 19]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered March 23, 2006, which, in denying plaintiff's motion for appointment of a temporary receiver, directed defendant to deposit all receivables from funds or credit extended by the plaintiff in a separate corporate bank account, and denied defendant's cross motion to dismiss this action pending completion of discovery, unanimously affirmed, with costs.

The denial of defendant's cross motion, without prejudice to renewal, is appealable (*see Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337, 339 [2003]). Defendant sought dismissal on the grounds that documentary evidence demonstrated all transactions in issue involved only the corporate entity of which he was the sole shareholder and director, and that he had no personal involvement in the disputed transactions. There was evidence, however, that receivables due to the corporation, in many instances, did not pass through it, but rather were collected by defendant individually, and commissions earned by the corporation were also paid directly to him or his wife.

The court appropriately directed the parties each to set up a bank account to deposit all receivables derived from funds or credit extended by the opposing party. Such moneys were specifically identifiable, and their loss was likely during the pendency of the action, as evident from defendant's averments that he was spending such funds for separate business needs (*see* CPLR 6401 [a]; *Meurer v Meurer*, 21 AD2d 778 [1964]). Concur—Tom, J.P., Mazzarelli, Andrias, Sweeny and Malone, JJ.