THOMAS GILLEN, Respondent-Appellant, v INCORPORATED VILLAGE OF VALLEY STREAM, Appellant-Respondent. [835 NYS2d 341]—

In an action, inter alia, to recover damages for money had and received and for negligent misrepresentation, the defendant appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated May 31, 2005, which denied its cross motion for summary judgment dismissing the complaint and granted the plaintiff's motion for summary judgment on the complaint to the extent of directing the defendant to refund to the plaintiff the sum of $12,567.28, plus statutory interest of 1% per month from June 11, 2001, the date the plaintiff demanded a refund of the purchase price he paid for two tax sale certificates, and the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the same order as set the accrual date for the interest on the refund at June 11, 2001, rather than May 5, 1998, and May 11, 1999, respectively, the dates on which the plaintiff purchased the subject tax sale certificates.

Ordered that the order is reversed insofar as appealed from, on the law, the plaintiff's motion for summary judgment on the complaint is denied and the defendant's cross motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the cross appeal is dismissed as academic in light of our determination on the appeal; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Anthony Matteo was the owner of real property (hereinafter the subject property) located in the Incorporated Village of Valley Stream. The plaintiff purchased two tax sale certificates referable to tax liens on the subject property from the Village in

1998 and 1999, respectively. In the two years following the plaintiff's purchase of the tax sale certificates, no one came forward to redeem the subject property by payment of the overdue taxes and penalties. After the plaintiff complied with the applicable statutory requirements, the Village conveyed a tax deed to the subject property to the plaintiff on March 21, 2001.

The plaintiff commenced the instant action in 2002, seeking, inter alia, a refund of the purchase price, on the ground that the tax deed was invalid and defective and that title to the subject property was thus not marketable. The plaintiff alleged that the Village failed to provide sufficient notice of the tax lien sales to Matteo, and that the possibility that Matteo could make a claim upon the subject property on this ground, thus clouding title, significantly diminished the value of the tax deed. The Supreme Court granted the plaintiff's motion for summary judgment on the complaint to the extent of directing the defendant to refund him the sum of $12,567.28, plus interest, and denied the Village's cross motion for summary judgment dismissing the complaint. We reverse.

The Village established its prima facie entitlement to summary judgment dismissing the complaint (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) by establishing that the plaintiff had no greater right to notice of the tax lien sale than did Matteo, and that Matteo, by his inaction, waived any challenge to the sufficiency of the notice (*see Matter of Tax Foreclosure No. 35*, 71 NY2d 863, 864-865 [1988]; *see generally Johnson v Smith*, 297 NY 165, 170 [1948], *cert denied* 335 US 824 [1948]; *Lynbrook Gardens v Ullmann,* 291 NY 472, *cert denied* 322 US 742 [1944]; *cf. Temple Bnai Shalom of Great Neck v Village of Great Neck Estates*, 32 AD3d 391 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he was entitled to the relief sought in the complaint. Accordingly, the Supreme Court should have granted the Village's cross motion for summary judgment dismissing the complaint.

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Crane, J.P., Krausman, Covello and Carni, JJ., concur.