Miller & Smith Foods, Inc. v Selmani (2019 NY Slip Op 01587)





Miller & Smith Foods, Inc. v Selmani


2019 NY Slip Op 01587


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-09076
 (Index No. 606720/15)

[*1]Miller & Smith Foods, Inc., appellant,
v
Kanto Selmani, etc., respondent.


Trevett Cristo, P.C., Rochester, NY (David H. Ealy of counsel), for appellant.



DECISION & ORDER
In an action to enforce a foreign judgment, the plaintiff appeals from an order of the Supreme Court, Nassau County (Daniel Palmieri, J.), entered July 28, 2017. The order denied the plaintiff's motion pursuant to CPLR 5226 for an installment payment order.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 5226 for an installment payment order is granted, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a determination as to the amount of the installment payments.
In an order entered July 28, 2017, the Supreme Court denied the plaintiff's motion pursuant to CPLR 5226 for an installment payment order to satisfy a judgment which had been entered in favor of the plaintiff and against the defendant. The plaintiff appeals.
Under the circumstances of this case, there is evidence in the record that the defendant, as the judgment debtor, "is receiving or will receive money from any source" (CPLR 5226). The record reveals that the defendant was receiving income which was not necessary in order for him to pay for his "reasonable requirements" (CPLR 5226; see generally Matter of Balanoff v Niosi, 16 AD3d 53, 62). A hearing is necessary in order to determine exactly what portion of the defendant's income is necessary for the reasonable requirements of the defendant and his family, to explore his entertainment, recreation, and clothing expenses and 401(k) contribution, and for a determination as to the amount of the installment payments to be paid to the plaintiff (see Edelman v Edelman, 83 AD2d 622, 622). Accordingly, the motion for an installment payment order should have been granted and we remit the matter to the Supreme Court, Nassau County, for a hearing and a determination as to the amount of the installment payments.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court